AYRES, Judge.
Plaintiff, L. C. Williams, brought this action to recover workmen’s compensation benefits as provided for permanent and total disability from defendant, Southern Farm Bureau Casualty Insurance Company, the compensation insurer of Charles Roemer, plaintiff’s employer. Judgment was rendered in favor of the defendant, rejecting plaintiff’s demands, whereupon plaintiff appealed.
Plaintiff suffered a fracture of the ace-tabulum of the left side of his pelvis on August 31, 1959, while in the employment of Charles Roemer as an operator of a mechanical cotton picker. The cotton picker overturned, and in the course of the accident plaintiff’s pelvis was fractured.
Following the accident, plaintiff was treated by Dr. Bennett H. Young, an orthopedic surgeon, and advised he could return to work on January 1, 1960. Plaintiff received workmen’s compensation benefits from the date of the accident until January 18, 1960. However, plaintiff never returned to his former employment, but, in the latter part of January, 1960, he began work with the Shreveport Packing Company. This suit was filed on February 3, 1960, and plaintiff continued to work for the packing company until the fall of 1960 when his employment was terminated by his employer. Subsequently, plaintiff worked for Caddo Door and Veneer Company for approximately a year during 1962. This employment was terminated by that employer also.
In addition to having been examined by Dr. Young, plaintiff was examined by Dr. Willis Taylor in April, 1960, and by Dr. Rudolph Forbing in 1964. During 1965 plaintiff underwent surgery for the removal of a herniated disc. Following the disc operation, plaintiff was examined by Dr. D. R. Martin in 1965 and Dr. Ray E. King in August, 1966.
Prior to trial, the deposition of Dr. Young was taken and subsequently offered as evidence. Dr. Young testified that he had treated the plaintiff previously in 1948 for pain which the plaintiff was experiencing in his back. After examination of the x-rays which were taken by the Confederate Memorial Medical Center at the time of the disc surgery in 1965, Dr. Young was of the opinion plaintiff’s disc had degenerated from natural causes. He testified the plaintiff did not have a herniated disc at the time he was treated in 1959, and the injury which plaintiff sustained in 1959 was not the type of injury which would ordinarily cause a ruptured disc.
The record shows the case was tried on April 5, 1967, before Judge O. E. Price, and was held open on plaintiff’s request for the taking of medical depositions of Doctors Ray E. King, Rudolph Forbing, D. R. Martin, and Willis Taylor. Their depositions were accordingly taken and filed in the record. Plaintiff filed a motion to reopen the case on October 4, 1967, so that the testimony of J. V. Oakes might be taken. This motion was denied by Judge Enos C. McClendon, Jr.
Counsel for plaintiff stated during oral argument the main thrust of his appeal related to his alternative motion to reopen the case in order to take the testimony of J. Y. Oakes. This motion has no merit. The record reflects the testimony of Dr. Young was taken by deposition on March 30, 1967. Dr. Young stated he first saw and examined the plaintiff on October 11, *631 1948, and treated him intermittently thereafter until 1960. Counsel for plaintiff desired to prove by the testimony of Oakes that plaintiff was working under the supervision of Oakes from June, 1948, until August, 1949, during which time he was in good health. The case was not tried until April S, 1967, on which date counsel for plaintiff was aware of the testimony of Dr. Young but did not summon Oakes as a witness. During the trial counsel for plaintiff attempted to introduce into evidence a statement written by Oakes. Counsel for defendant objected to the offering, but, before the court could rule on the objection, counsel for plaintiff tendered the witnesses and pursued the matter no further. At the termination of the trial the case was left open for 30 days for taking the testimony of several doctors. However, counsel for plaintiff made no mention that he desired to take the testimony of Oakes. Under these circumstances we agree with the judge below that counsel for plaintiff has shown he did not use due diligence in attempting to secure the testimony sought from Oakes.
The judgment on the merits was rendered by Judge Monty M. Wyche based on the following reasons:
“The plaintiff must prove his case by a preponderance of the evidence. It is the opinion of the Court that the evidence in this record does not warrant the conclusion that the herniated disc which was operated on in 1965 was a result of the accident which plaintiff suffered in August of 1959 while he was employed by defendant’s insured. Plaintiff’s own testimony does not establish a positive relationship between the accident and the alleged disability, nor does the testimony of his wife, daughter and father. And there is absolutely no medical evidence to support such a connection. Dr. Young testified positively that there was no evidence of disc pathology when he saw him in 1959. Dr. Taylor, who examined plaintiff on April 1, 1960, likewise found no reason to suspect injury or disability in the lower back. The medical evidence most nearly supporting the plaintiff’s claim is that of Dr. Ray E. King who first saw plaintiff in August of 1966 and the most he could say was that if the plaintiff were having back pain after the injury to his pelvis and he went back to work with some back pain that gradually got worse, then he might have injured his back at the time he injured his pelvis. I do not feel that this possibility of a causal connection can be accepted by the Court over the positive testimony of Dr. Young, particularly since the plaintiff has had two other employments between the 1959 accident and the disc operation in 1965.”
That portion of the opinion quoted above evidences the court correctly applied the law to the facts established in the record.
For the reasons assigned, the judgment appealed is affirmed; all costs taxed to plaintiff-appellant.
Affirmed.